**Dismissed and Majority and Concurring Opinions filed August 23, 2022.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-20-00801-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**MANUEL R. GARCIA, Appellee**

**On Appeal from the County Criminal Court at Law No. 8
Harris County, Texas
Trial Court Cause No. 2283882**

## CONCURRING OPINION

In *Munguia v. State*, this court recognized that the complexity of modern criminal written judgments has grown to the point that significant items in the modern judgment are not orally pronounced in open court. 636 S.W.3d 750, 758 n.6 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd). We recognized there are some errors that can be made in a final judgment that cannot be reviewed or corrected on appeal. *Id*. The appeal by the State, here, further underscores the need

for reform of the procedures for rendering criminal judgments.

In civil cases, the common practice is for the parties to submit proposed judgments to the trial court. *See* Tex. R. Civ. P. 305 ("Any party may prepare and submit a proposed judgment to the court for signature."). Because the parties are involved in proposing and reviewing the language of the final judgment in civil cases, there is less need to correct unintended errors or omissions. With the current complexity of criminal judgments, a criminal defendant and the State should have the opportunity to review the judgment before the appellate and post-trial time periods begin to run. *Compare id.*, Tex. R. Civ. P. 306a, and Tex. R. App. P. 26.1 (notice of appeal must be filed within 30 days after judgment is signed), *with* Tex. Code Crim. Proc. Ann. art. 42.09, § 1 (sentence begins day it is pronounced in open court), and Tex. R. App. P. 26.2(b) ("The notice of appeal must be filed within 20 days after the day the trial court enters the order, ruling or sentence to be appealed."). Had the State been afforded the opportunity to submit or review the proposed final written judgment before the trial court entering[1] judgment, this appeal might have been obviated.

I write separately to call attention to the need for reform of the procedures involved with the rendition of criminal judgments. If the parties to a criminal case were responsible for submitting proposed judgments to the trial court, or at least were given the opportunity to review and object to proposed judgments before they become final, we could avoid the needless waste of judicial and legal resources to correct errors in judgments.

---

[1] The historical distinction between the trial court rendering judgment in civil cases and entering judgments in criminal cases has been a distinction that no longer makes any sense. *See, e.g.*, Tex. Code Crim. Proc. Ann. art. 42.01 (judgment). We should consistently have trial courts *render* judgment in open court and *sign* the judgment, leaving it to the clerk to *enter* the signed judgment in the judgment records.

/s/      Charles A. Spain
                Justice

Panel consists of Justices Wise, Spain, and Hassan (Wise, J., concurring without opinion and Spain, J., concurring with opinion).

Publish — Tex. R. App. P. 47.2(b)